IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00913-RBJ

BILLY PIERCE,

    Plaintiff,

v.

GREEN TREE SERVICING LLC, and
the Note Holder as True Party in Interest for Whom It Acts as that Is Determined,

    Defendants.

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss, ECF No. 25, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. For the reasons discussed in this Order, the motion is granted.

### I. FACTS

Odetta Pierce for herself and as guardian and conservator of the Estate of Fred Pierce, a protected person (the "Borrowers"), obtained a mortgage loan (the "Loan") from First Colorado Mortgage Corporation in order to purchase real property located at 27671 Resolis Road, Limon, Colorado 80828 (the "Property") in February of 1999. ECF No. 21 at 2; ECF No. 25 at 1–2. The Borrowers subsequently executed a Note and a Deed of Trust in order to evidence the Loan and encumber the Property. ECF No. 21 at 2; ECF No. 25 at 2.

First Colorado Mortgage Corporation was authorized to transfer the rights granted to it under the Note and Deed of Trust. ECF No. 25-1; ECF No. 25-2. Following several assignments of those rights, Defendant Green Tree Servicing LLC ("Green Tree") became the holder of the Note and Deed of Trust on May 8, 2013. ECF No. 25 at 3. Green Tree recorded its assignment on July 15, 2013. *Id.* at 4.

On November 17, 2014, as a result of the Borrowers' Loan default, Green Tree commenced non-judicial foreclosure proceedings with the Public Trustee for Elbert County, Colorado by filing a Notice of Election and Demand under Foreclosure Number 2014-048. *Id.*; ECF No. 21 at 4–5 (referencing the foreclosure proceedings). Green Tree subsequently filed a Motion for Order Authorizing Sale pursuant to Colorado Rule of Civil Procedure 120 with the District Court for Elbert County, Colorado. ECF No. 25 at 4; ECF No. 21 at 3–5, 8. Concurrently, Green Tree filed a Statement of Authority asserting that it was the holder of the Note and the beneficiary of the Deed of Trust. ECF No. 25 at 4; ECF No. 21 at 3, 5. On April 15, 2015, the Elbert County District Court entered its Order Authorizing Sale. ECF No. 25 at 5.

Plaintiff Billy Pierce, who is proceeding pro se, originally brought this case on behalf of himself and Odetta Pierce against Green Tree in state court seeking 1) injunctive relief against Green Tree's allegedly erroneous foreclosure of the Property, and 2) injunctive relief against Green Tree's allegedly wrongful dishonor of the Loan payments. ECF No. 1 at 1. Green Tree removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.* at 2. Shortly thereafter, during a status conference, Magistrate Judge Shaffer correctly pointed out that Mr. Pierce, a non-lawyer, could not represent Odetta Pierce in this case. ECF No. 19 at 1. Mr. Pierce subsequently amended his Complaint to make himself the

sole plaintiff. ECF No. 21. Green Tree now moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 25. Green Tree argues in part that the Court lacks subject matter jurisdiction because Mr. Pierce does not have standing to maintain this action. *Id.* at 5.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). There is a presumption that a cause of action lies outside a federal court's limited jurisdiction, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (quoting *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014)). Accordingly, Mr. Pierce bears the burden of establishing jurisdiction in this case.

A motion to dismiss under Rule 12(b)(1) can either "(1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003). Where, as here, there is a factual attack on the basis for jurisdiction, the Court does not presume the truthfulness of plaintiff's allegations but has wide discretion to consider other evidence. *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995).

## III.    ANALYSIS

Green Tree argues that the Court lacks subject matter jurisdiction over this case because, as a non-party to the Note and Deed of Trust, Mr. Pierce has no standing to bring these claims. ECF No. 25 at 5. For the reasons discussed below, I agree.

"Because it involves the court's power to entertain the suit, constitutional standing is a threshold issue in every case before a federal court." *O'Connor v. Washburn Univ.*, 416 F.3d 1216, 1222 (10th Cir. 2005). A plaintiff must demonstrate three "irreducible constitutional" elements in order to establish Article III standing. *Turner v. McGee*, 681 F.3d 1215, 1218 (10th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). Specifically, the plaintiff must demonstrate that: "(1) he has suffered an injury in fact; (2) the injury is fairly traceable to the complained-of conduct; and (3) it is likely as opposed to merely speculative that the injury will be redressed by a favorable decision." *Id.* (internal quotations and citations omitted). "Standing is 'an indispensable part of the plaintiff's case' such that 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *Grandelli v. Companion Life Ins. Co.*, No. 13-CV-02162-RBJ-MEH, 2014 WL 1673035, at *2 (D. Colo. Apr. 28, 2014) (quoting *Lujan,* 504 U.S. at 561).

Mr. Pierce fails to show that he has suffered an "injury in fact." He is not a party to the Note or Deed of Trust. ECF No. 21 at 2 (acknowledging that the Borrowers executed the Loan Documents); ECF No. 25-1; ECF No. 25-2. His two causes of action are predicated on Green Tree's alleged misconduct regarding the Loan. ECF No. 21 at 2–9. Specifically, he argues that Green Tree lacks standing to foreclose on the Property due to purported errors in the assignment

of the Loan and because he believes the Loan was paid off. *Id.* Because Mr. Pierce was not a party to the Loan, he was not injured by any alleged misconduct of Green Tree with respect to the Loan. *See Manzanares v. Law Firm of Aronowitz & Mecklenburg, LLP*, No. 13-CV-01158-BNB, 2013 WL 6252715, at *3–4 (D. Colo. Dec. 3, 2013); *Henry v. Guaranteed Rates, Inc.*, 415 F. App'x 985, 985–86 (11th Cir. 2011).

Mr. Pierce asserts that even though he is not a party to the Note or Deed of Trust, he has an ownership interest in the property and therefore has standing to bring this action. ECF No. 27 at 7. I disagree. *Manzanares*, 2013 WL 6252715, at *4 (plaintiff cannot "establish standing based on the quit claim deed conveying the property to him" where he was not a party to the mortgage); *Angels Alliance Grp. LLC v. ReconTrust Co.*, No. 3:11-CV-01382-MO, 2013 WL 2902676, at *3 (D. Or. June 11, 2013) (plaintiff lacked standing because its injury was self-inflicted where it purchased encumbered property "without ensuring that the original borrower avoided default").

Therefore, Mr. Pierce lacks standing to bring these claims and the Court cannot assert subject matter jurisdiction over this case. As such, the Court need not address Green Tree's remaining arguments for dismissal.

## IV.   ORDER

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 25, is GRANTED and Plaintiff's Amended Complaint, ECF No. 21, is DISMISSED WITHOUT PREJUDICE. Defendant's Motion for Extension of Time to File Answer, ECF No. 40, is DENIED as moot.

DATED this 3rd day of November, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge